IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| LORI BORDOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-5135-SW-RED |
| | ) |
| THE CITY OF JOPLIN, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now pending before the Court is Defendant City of Joplin's Motion for Summary Judgment and Legal Suggestions in Support Thereof (Doc. 42) and Plaintiff's letter (Doc. 47) dated January 9, 2006, requesting that remaining Defendant City of Joplin be dismissed. However, a subsequent letter (Doc. 51) from Plaintiff has created uncertainly about Plaintiff's request for dismissal. Accordingly, the Court finds that Plaintiff's request is due to be **DENIED.** The Court now considers Defendant's Motion for Summary Judgment and finds that Defendant's Motion is due to be **GRANTED.**

### I. Factual Background

In her Complaint, *pro se* Plaintiff Lori Bordock alleges that she was thrown out of the Soul's Harbor shelter in Joplin, Missouri, on November 2, 2004. Plaintiff claims that the head of the shelter pressed charges against her for disturbing the peace. She asserts that she was handcuffed and placed in the Joplin City Jail for several days, where she states she was first housed in a barren, dirty cell with no bed, chairs, or toilet. She further claims that while in this cell, she "was on the filthy floor with a Big Filthy hole in the floor, as a toilet." Plaintiff alleges that she was then put into in a jail cell with "dangerous criminals," who verbally threatened to assault Plaintiff. Plaintiff next asserts

that she was moved again and placed in a cell with "less dangerous criminals" and inadequate bedding which caused strains on her back. Plaintiff further states that while detained in this cell "the jailers there kept on calling me 'crazy' as well as my other fellow inmates." Eventually, Plaintiff states that she pled guilty to a crime that she did not commit so that she would be released from custody.

## II. Discussion

Following the actions alleged in her complaint, Plaintiff, acting *pro se*, sought leave of the Court to file her Complaint *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to this provision, the Court first determined that Plaintiff was sufficiently impoverished to qualify for leave to proceed *in forma pauperis*, § 1915(a), and her Complaint was filed with the Court. The Court next sought to determine whether Plaintiff's Complaint should be dismissed because it was frivolous or malicious, § 1915(e)(2)(B)(i), failed to state a claim upon which relief may be granted, § 1915(e)(2)(B)(ii), or sought monetary relief against a party immune from such damages, § 1915(e)(2)(B)(iii). When reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint liberal construction and must weigh all well-pleaded factual allegations in favor of the plaintiff. *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982); *J.J. Jones Co. v. Reagan*, No. 87-0167-CV-W-9, 1987 WL 10266, at *1 (W.D. Mo. April 14, 1987). Applying this generous standard of review, the Court found that Plaintiff's Complaint was not frivolous or malicious on its face, and that the Complaint appeared to state a claim for alleged violations of Plaintiff's right to due process and to be free from cruel and unusual punishment as stated in the Eighth and Fourteenth Amendments to the United States Constitution and enforceable through 42 U.S.C. § 1983. Therefore, the Court found that dismissal of Plaintiff's Complaint under §

1915(e)(2)(B) was unwarranted at that time, and proceeded forward on the assumption that Plaintiff would through discovery or other means further develop facts in support of her claims. Subsequent to the filing of this Complaint, Defendant Soul's Harbor Shelter filed a Motion to Dismiss and/or for Summary Judgment (Doc. 13). After no response from Plaintiff, Defendant Soul's Harbor Shelter was dismissed from the case, leaving the City of Joplin as the sole remaining Defendant. (Doc. 25)

In order to defend against Plaintiff's Complaint, Defendant City of Joplin attempted to serve interrogatories on Plaintiff on June 16 and June 27, 2005. (Docs. 29 and 32) In a letter (Doc. 33) to the Court dated June 24, 2005, Plaintiff appears to indicate that she received the interrogatories, but stated that she "refuse[d] to deal with the private attorneys for the Soul's Harbor homeless shelter." As the record does not indicate that counsel for Defendant Soul's Harbor Shelter engaged in discovery, Plaintiff's letter could only have been in response to Defendant City of Joplin's interrogatories. Plaintiff's letter also appears to answer some of the interrogatories, but added no relevant information in support of Plaintiff's Complaint. Having failed in its attempt to engage Plaintiff in discovery, Defendant City of Joplin proceeded to file a Motion for Summary Judgment (Doc. 42), adopting only the bare factual allegations contained in Plaintiff's Complaint as the facts of the case. Since that time, the Court has received seven letters from Plaintiff. In a letter (Doc. 47) dated January 9, 2006, Plaintiff appears to seek dismissal of the City of Joplin as a Defendant, stating in relevant part: "Also, about the City of Joplin, I would like to drop them now from my list of defendants." (Doc. 47) The Court responded with an Order (Doc. 48) informing Plaintiff that since the City of Joplin was the only remaining defendant, such action would result in dismissal of her case and that at this point in the litigation the court would only grant such relief with prejudice.

3

Plaintiff was then instructed to 1) file a response to Defendant City of Joplin's Motion for Summary Judgment; 2) show cause why judgment should not be entered in favor of Defendant; or 3) advise the Court that she wishes to dismiss Defendant with prejudice. The Plaintiff was also sent via first class and certified mail a copy of Defendant's Motion for Summary Judgment. Plaintiff responded in a letter (Doc. 51) dated February 3, 2006, in which she stated "Since they cannot drop the City of Joplin, what Springfield told me, without dropping the . . . #04-5135-CV-SW-RED then I would like to Appeal this whole case." Since Plaintiff's letter of February 3, 2006, creates uncertainly as to Plaintiff's requested dismissal in her letter of January 9, 2006, Plaintiff's request is due to be **DENIED.**

Instead, the Court will now rule on Defendant's Motion for Summary Judgment, which has been pending for nearly four months with no meaningful response from Plaintiff. Since Plaintiff has failed to present any new facts through discovery or in response to Defendant's Motion for Summary Judgment, the Court will consider the bare facts alleged in Plaintiff's Complaint as the facts of the case. Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fry v. Holmes Freight Lines, Inc.*, 72 F. Supp. 2d 1074 (W.D. Mo. 1999). When ruling on a motion for summary judgment, the court should view the facts in the light most favorable to the adverse party and allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *See id.* (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970)); *Reed v. ULS Corp.,* 178 F.3d 988, 990 (8th Cir. 1999)).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could

4

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The evidence in favor of the nonmoving party must be more than "merely colorable." *Id.* When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (footnote omitted). Although the defendant seeking summary judgment "has the burden of showing that there is no genuine issue of [material] fact, [this does not relieve the plaintiff of his] own burden of producing in turn evidence that would support a jury verdict." *Liberty Lobby,* 477 U.S. at 256. If the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial," the defendant is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Here, the Court liberally construed Plaintiff's Complaint as alleging violations of her Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. It is undisputed that in order to establish a claim under § 1983, a plaintiff must show a deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Durham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Generally, Plaintiff's status as a pre-trial detainee would place her outside of the protections of the Eighth Amendment proscription against cruel and unusual punishment, which applies only to convicted prisoners. *Hott v. Hennepin County*, 260 F.3d 901, 905 (8th Cir. 2001). However, the Supreme Court has stated that the Fourteenth Amendment guarantees pre-trial detainees at least as many protections as does the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 545 (1979).

Alleged Eighth Amendment violations are analyzed under a two-part test consisting of an

5

objective and subjective component. *See Wilson v. Seiter,* 501 U.S. 294, 298 (1991); *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004). First, the defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the "minimal civilized measure of life's necessities." *Revels,* 382 F.3d at 875 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 342 (1981)). Next, the defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner. *Revels*, 382 F.3d at 875 (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1977)). To establish deliberate indifference, the plaintiff must show the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety. *Revels,* 382 F.3d at 875 (citing *Farmer v. Brennan,* 511 U.S. 825, 835 (1994)).

Applying the objective prong of the two-part test, it does not appear that Plaintiff was deprived of the "minimal civilized measure of life's necessities." For instance, Plaintiff alleges that she was locked in a filthy cell without a toilet or bed. However, the record is devoid of any evidence of her duration in this particular cell. Plaintiff refers to being moved to at least two different cells after this cell. It is impossible to determine from her pleading whether she was in this cell for hours or days. This is significant, because such conditions, without prolonged duration, do not rise to the level of an Eighth Amendment violation. *See Whitnack v. Douglas County,* 16 F.3d 954, 958 (8th Cir.1994) (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for twenty-four hours); *White v. Nix,* 7 F.3d 120, 121 (8th Cir.1993) (eleven day stay in unsanitary cell not unconstitutional because of relative brevity of stay and availability of cleaning supplies). Furthermore, even when Plaintiff was moved to a cell in which she claims she received inadequate bedding which hurt her back, such amenities clearly do not fall below the minimal civilized standard of life's necessities. The Eighth Circuit has held

6

that conditions similar to and possibly worse than those described by Plaintiff did not violate an inmate's Eighth Amendment rights. *See O'Leary v. Iowa State Men's Reformatory,* 79 F.3d 82, 83-84 (8th Cir.1996) (several days without underwear, blankets, mattress, exercise or visits not in violation of Eighth Amendment); *Williams v. Delo,* 49 F.3d 442, 444 (8th Cir.1995) (four days without clothes, mattress, water, bedding, legal mail or hygienic supplies not in violation of Eighth Amendment).

The facts of the case also do not lead the Court to believe that the subjective prong is satisfied as there is no evidence that Defendant acted with deliberate indifference to Plaintiff's health or safety. Here, Plaintiff's Complaint with respect to the jail guards is that they called her "crazy" and locked her up first with "dangerous" and then with "less dangerous criminals." There is no evidence that shows that Plaintiff suffered any injury or adverse health consequences as a result of her confinement or that the guards knew of and disregarded an excessive risk to Plaintiff's health or safety. Although Plaintiff states that other prisoners threatened her, she does not state that she was actually harmed by another inmate. Such threats, without a showing that the threats were actually followed up with violence that the guards knew about and failed to prevent, do not give rise to an Eighth Amendment violation. *See Pagels v. Morrison*, 335 F.3d 736, 740-41 (8th Cir. 2003) ("threats between inmates are common and do not under all circumstances serve to impute actual knowledge of a substantial risk of harm.") Therefore, as there is nothing in the record to indicate that the guards were "deliberately indifferent" to Plaintiff's health or safety, the subjective element of her Eighth Amendment claim must also fail.

The Court likewise notes that although much of Plaintiff's Complaint is clearly directed at the actions of guards employed at Joplin City Jail, the only remaining named defendant is the City

7

of Joplin.  While a municipality can be subject to suit under § 1983, *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 689 (1978), it can not be held liable for "an injury inflicted solely by its employees or agents on a theory of respondeat superior." *Springdale Educ. Ass'n v. Springdale School Dist.,* 133 F.3d 649, 651 (8th Cir.1998). Rather, a plaintiff seeking to impose such liability is required to identify either an official municipal policy or a widespread custom or practice that caused the plaintiff's injury.  *Id.* at 651.  Here, Plaintiff has made no allegations that she was injured as a result of an unconstitutional policy or custom, nor can the existence of any such policy or custom be implied from the limited facts in this case. Therefore, even assuming *arguendo* that there was an issue of material fact with respect to Plaintiff's alleged Eighth and Fourteenth Amendment violations, the absence of a policy or custom on behalf of the City of Joplin would preclude judgment in Plaintiff's favor.

In conclusion, there is nothing leading the Court to believe that a reasonable jury–if presented with the bare allegations of facts contained in Plaintiff's Complaint–could render a verdict in favor of Plaintiff with respect to her § 1983 claim for alleged violations of her Eighth Amendment and Fourteenth Amendment rights.  *See Liberty Lobby,* 477 U.S. at 248.  Alternatively, even if Plaintiff had properly supported the alleged violations of her constitutional rights, the absence of an unconstitutional policy or custom on behalf of the City of Joplin prevents judgment in Plaintiff's favor.  Accordingly, Defendant City of Joplin's Motion for Summary Judgment (Doc. 42) is due to be **GRANTED.**

Finally, the Court notes that Plaintiff's letter (Doc. 51) dated February 3, 2006, also indicates a desire to appeal a separate case with this Court styled *Lori Bordock v. City of Springfield*, 05-4125-CV-S-RED.  Plaintiff is advised that this separate case was dismissed by Order of the Court on June

8

3, 2005, and the decision of the Court was affirmed by the Eighth Circuit Court of Appeals on September 9, 2005.

Therefore, for all the reasons stated herein, it is hereby:

ORDERED that Plaintiff's request for dismissal of Defendant City of Joplin contained in Plaintiff's letter (Doc. 47) is **DENIED.**

ORDERED that Defendant City of Joplin's Motion for Summary Judgment and Legal Suggestions in Support Thereof (Doc. 42) is **GRANTED.** It is further

ORDERED that the Clerk's office shall send copies of this decision, one via first class mail, postage prepaid and one via certified mail, return receipt requested, to:

> Lori Bordock
> 203 W. Main Street
> Marshall, AR 72650

**IT IS SO ORDERED.**

DATE: March 21, 2006  */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT